*George W. Bruen, executor, &c. v. Isaac S. Hone and others.* N. DANE ELLINGWOOD, for appellant. M. HOFFMAN, for respondent.

Pleading double not encouraged.

THE CHANCELLOR. This is an appeal from a decision of the vice chancellor of the first circuit, allowing the defendants to plead double. In the recent case of Didier v. Davison, (in Chan. Jan. 16, 1844,) this court declared the principles upon which it proceeds in allowing a defendant to plead double, instead of making his defence by answer: Pleas are generally put in for delay. And as the defendant may always set up as many defences as he pleases, by answer,

pleading double in this court is not to be encouraged ; as the proceedings are sufficiently dilatory, even where the defendant answers in the first instance.  It is not sufficient, therefore, to obtain an order for the defendant to plead double, that he should show, by affidavit, that he has two good defences to the suit, which are proper subjects to be pleaded in bar.

But he must make out a very special case of hardship and inconvenience to justify the court in departing from the general rule, that if the defendant wishes to set up more than one defence to the complainant's bill, he must do it by answer.  The cases which have heretofore been considered as authorizing the Court to depart from the general rule are :— *Cases in which it will be allowed.* 1st, where the complainant calls upon the defendant to set out long accounts in his answer ; and 2nd, where the discovery of matters sought for by the bill might be productive of injury to the defendant in his business, or otherwise, if he were required to put in a full answer.  Here, no long account is called for, or required to be set out in the answer ; nor is any discovery called for which can possibly injure the defendants in their business.  The defendants may set up both matters of defence in their answer ; and if either of them is available, upon being proved, the bill will be dismised at the hearing.  And the taking of the account can only be necessary if the defence fails.

Again, I am inclined to think the matter proposed to be inserted in one of the pleas, at least, would not be a bar to this suit, unless such plea also negatives certain facts stated in the bill, which the defendants, in the affidavit upon which they found their application to plead double, do not even say they believe to be untruly stated in the bill.

If such a mistake has occurred, as is stated in the bill, this court ought not to depart from its general rule, to enable the defendants to set up their technical defence to prevent its being corrected ; but should leave them to set up their technical defence by a single plea, or to avail themselves of it by answer, in any way which the forms of the court will allow.

For these reasons the order allowing the defendants to plead double must be reversed ; and the motion for leave to plead double is denied.  The costs to abide the event of the suit,

and the defendants to have the same time to plead, answer, or demur, as they had at the time the order appealed from was entered. Proceedings to be remitted to the vice chancellor.